Rouge v U.S. Bank Trust N.A.
2026 NY Slip Op 03769
June 16, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Francoise Rouge, Plaintiff-Respondent,
v
U.S. Bank Trust National Association as Trustee of Cabana Series III Trust, Defendant-Appellant, Board of Managers of the Allegro Condominium, Defendant.

Decided and Entered: June 16, 2026
Index No. 152023/22|Appeal No. 5226|Case No. 2024-06963|
Before: Webber, J.P., Kennedy, González, Higgitt, Michael, JJ.

Friedman Vartolo LLP, Garden City (Stephen J. Vargas of counsel), for appellant.
Polias Law Office, P.C., Brooklyn (Kathy A. Polias of counsel), for respondent.

[*1]
Order, Supreme Court, New York (Judy H. Kim, J.), entered October 9, 2024, which granted plaintiff's motion for summary judgment declaring that the mortgage against plaintiff's property and the promissory note for which the mortgage served as security are cancelled, unanimously affirmed, without costs.
This is a mortgage foreclosure action. Plaintiff Francoise Rouge owns a condominium apartment on West 62nd Street in Manhattan. In 2007, Rouge borrowed $786,450 on a consolidated note issued by JP Morgan Chase, N.A. (defendant's predecessor in interest), secured by a consolidated mortgage on the apartment. Rouge thereafter defaulted and the mortgagee commenced a foreclosure action in May 2011. Rouge failed to appear, and a default judgment was issued. After a series of assignments, the appealing defendant became the holder of the note and mortgage in 2019.
In 2020, after a traverse hearing, the foreclosure action was dismissed for lack of personal jurisdiction. Supreme Court denied the mortgagee's motion to renew or vacate, and we affirmed (see NRZ Pass-Through Trust IV v Rouge, 199 AD3d 466 [1st Dept 2021]).
Rouge admits that she has made no payments on the consolidated mortgage loan since 2010. In March 2022, Rouge commenced the instant action pursuant to RPAPL 1501(4) to discharge the mortgage on the ground that any action on the promissory note is time-barred.
Contrary to defendant's contention, Rouge did not waive the ability to assert the statute of limitations under RPAPL 1501(4). The waiver of the defense in the consolidation extension and modification agreement was made at the inception of liability and is therefore invalid (see John J. Kassner & Co. v City of New York, 46 NY2d 544, 550-551 [1979]).
Defendant maintains that its time to enforce the promissory note has not yet expired because CPLR 204(a) tolled the statute of limitations underCPLR 213(4) from May 2011 through November 2021, while its foreclosure action was pending. CPLR 204(a) provides for a toll where the commencement of an action has been stayed by a court or "statutory prohibition." RPAPL 1301(3) generally prohibits a noteholder from pursuing the separate remedies of foreclosure of a mortgage and recovery of the mortgage debt at the same time (see U.S. Bank N.A. v MAve Hotel Invs. LLC, 237 AD3d 512, 515 [1st Dept 2025]). Prior to December 30, 2022, RPAPL 1301(3) was held to trigger CPLR 204(a) to toll the statute of limitations during the pendency of a prior foreclosure action such as this (Citimortgage, Inc. v Ramirez, 192 AD3d 70, 75 [3d Dept 2020]).
However, effective December 30, 2022, the Legislature enacted the Foreclosure Abuse Prevention Act (FAPA) to overhaul various provisions of the CPLR, General Obligations Law, and RPAPL, which mortgagees had exploited to fabricate extensions of the six-year statute of limitations in foreclosure proceedings.
[*2]
In addition to other changes, Section 2 of FAPA amended RPAPL 1301(3), which no longer qualifies as a "statutory prohibition" for purposes of the toll afforded by CPLR 204(a). The motion court thus correctly applied Section 2 of FAPA in determining that the election of remedies provision of RPAPL 1301(3) does not act as a statutory prohibition triggering a toll of limitations under CPLR 204(a) (see US Bank N.A. v Calhoun, 236 AD3d 557, 558 [1st Dept 2025], lv denied 43 NY3d 907 [2025]).
The enactment of FAPA also responded to judicial decisions that, according to the assemblymember introducing the bill, "exacerbated" attempts by lenders to "manipulate" the statute of limitations (Assembly Introducer's Mem in Support, Bill Jacket L 2022, ch 821 at 8; see Article 13 LLC v Ponce De Leon Fed. Bank, — NY3d —, —, 2025 NY Slip Op 06536, *2 [2025]). These decisions included Citimortgage, Inc. v Ramirez (192 AD3d 170), which held that RPAPL 1301(3) qualified as a "statutory prohibition" triggering CPLR 204(a)'s toll the statute of limitations. Still more significant was Freedom Mtge. Corp. v Engel (37 NY3d 1 [2021]), where the Court held that voluntary discontinuance of a foreclosure action de-accelerated the loan and reset the limitations period for the outstanding debt. The Legislature was particularly concerned that the de-acceleration of cases permitted by Engel would revive old cases and worsen pressure on the judicial system as the COVID-19 pandemic was underway (see Article 13 LLC, 2025 NY Slip Op. 06536, *2).
Consistent with the "sense of urgency" conveyed by the legislative history (Matter of Gleason [Michael Vee, Ltd.], 96 NY2d 117, 122 [2001]), Section 10 of FAPA expressly states that the Act's provisions apply to "all actions commenced . . . in which a final judgment of foreclosure and sale has not been enforced" (L 2022, ch 821, § 10).
Statutes are presumed to have prospective application "unless the Legislature's preference for retroactivity is explicitly stated or clearly indicated" (Matter of Gleason, 96 NY2d at 122). The reach of a statute is thus premised upon the legislative goal (Matter of Marino S., 100 NY2d 361, 371 [2003], cert denied 540 US 1059 [2003]). Here, FAPA's text and history "plainly manifested" a legislative intent (Marino S., 100 NY2d at 370) that its provisions apply retroactively (see Article 13 LLC, 2025 NY Slip Op 06536, *2; Van Dyke v U.S. Bank, N.A., — NY3d —, —, 2025 NY Slip Op 06537, *5 [2025]). Such retroactive application is accorded irrespective of any sums that remain outstanding on affected loans, since FAPA "necessarily require[s] extinguishing [dormant] claims dating back years or even decades" (Article 13 LLC, 2025 NY Slip Op 06536, *5).
[*3]
Retroactive application of Section 2 of FAPA did not violate defendant's constitutional right to substantive due process (see Calhoun, 236 AD3d at 558). Moreover, retroactive application of the statute is supported by the rational legislative purpose of curtailing abusive foreclosure litigation practices (see Article 13 LLC, 2025 NY Slip Op 06536, *5; Van Dyke, 2025 NY Slip Op 06537, *6). The statute advances that purpose by the rational means of shielding borrowers from abusive practices (see Article 13 LLC, 2025 NY Slip Op 06536, *5).
Defendant posits that it has a constitutionally protected property interest as a lienholder, which includes a vested right to pursue its cause of action for breach of contract. However, defendant and its predecessors in interest had the benefit of a six-year statute of limitations. That period has ended. Defendant has no "right to wait long past the limitations period," through statutory tolls, to pursue its claim (Article 13 LLC, 2025 NY Slip Op 06536, *4). Indeed, a litigant has no vested interest in, or right to, a particular limitations period (see id. at *3).
As to procedural due process, in instances where a limitations period is statutorily shortened, a reasonable time for commencement of action must be afforded before the time bar is imposed (see Brothers v Florence, 95 NY2d 290, 300 [2000]). However, FAPA did not alter the limitations period. Defendant thus had a reasonable time to enforce its contract, and no grace period was required before making FAPA's provisions effective (see Article 13, 2025 NY Slip Op 06536, *5; Van Dyke, 2025 NY Slip Op 06537, *7).
Finally, the application of FAPA did not provoke an unconstitutional regulatory taking of defendant's right of action (see Calhoun, 236 AD3d at 558). FAPA did not "permanently deprive plaintiff's mortgage of all value" (Bank of N.Y. Mellon v Del Rio, 233 AD3d 529, 532 [1st Dept 2024]). Any impairment of the value of defendant's right of action was caused not by FAPA but by the six-year statute of limitations (see id.).
Accordingly, the motion court properly granted Rouge summary judgment dismissing defendant's claims on the promissory note. The strictures of the Foreclosure Abuse Prevention Act compel the conclusion that defendants' claims were time-barred, irrespective of the balance owed by plaintiff (see BSI, LLC v Raimo, 195 AD3d 590, 593-594 [2d Dept 2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 16, 2026